#### 68473. HADAWAY v. COONER ENTERPRISES, INC.
(321 SE2d 830)

QUILLIAN, Presiding Judge.

Plaintiff brought an action for injuries she sustained when she fell at the entranceway to defendant's supermarket. According to the allegations of the complaint the entranceway was constructed of cement and expansion cracks were grooved therein; that due to ordinary traffic upon the entrance the expansion cracks had deepened and widened; that a dangerous depression was thereby created; that defendant failed to inspect and maintain the entrance; that plaintiff was without knowledge of the depression and did not know and could not discover it; that she received injuries when she fell by stepping into the depression.

The defendant answered and then moved for summary judgment on the ground there was no genuine issue as to any material fact and offered in support thereof the pleadings, plaintiff's deposition and

other matters of record.

According to plaintiff she had visited defendant's grocery store once a week for over a year prior to her fall, and had been over the same area many times before. She also related that her heel caught in a crack in the cement causing her to fall. She stated she was watching where she was going and there was nothing obstructing her vision; the sidewalk was level. Plaintiff was asked if the crack was in plain view and responded "I never really noticed it before." She also answered "you probably could" to the query "you didn't have to get down on your hands and knees and look right at it, you could look down and see it couldn't you?" She also related there was nothing to prevent or to distract her from seeing the crack.

The trial judge granted the defendant's motion for summary judgment and the plaintiff appealed to this court. *Held*:

The general rules applicable to this type of case are found in *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (138 SE2d 77) wherein it was held: " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property*. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' " Accord *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868, 869 (288 SE2d 584).

As pointed out in *Inglett v. Winn Dixie, Greenville*, 168 Ga. App. 192, 193, 194 (308 SE2d 587): "[w]e discern a distinction between emergency conditions existent on an owner's premises and static conditions which are not inherently dangerous in and of themselves." There the court noted where an invitee encounters an unusual or emergency situation which is known to the owner, there may be a substantial question as to application of the assumption of risk doctrine. However, the court then announced: "[w]e perceive a different standard where there is a patent and long standing but static defect. We characterize a 'static' defect as one which in and of itself is not dangerous. Certainly where there is common knowledge of a break in pavement, the defect standing alone is not dangerous or likely to cause injury until such time as one drives into it or falls into it. ' "The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the

risk involved therein.' 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' " Accord *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342).

The proof offered clearly puts this case within the line of cases involving the "plain view" doctrine and effectively eliminates any "distraction" theory. See *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 474 (249 SE2d 276) and *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 430 (263 SE2d 171).

In the case sub judice the plaintiff admitted she had visited defendant's store at least once a week (and thus had traversed the area twice a week) for over a year prior to the accident. Moreover, the condition could certainly only be classified as "static" under the definition contained in the *Inglett* case, supra, and the condition arose from "ordinary traffic" over the entranceway according to the averments of the complaint. In the posture presented, and applying the legal maxims pertinent thereto, it was not error for the trial judge to grant defendant's motion for summary judgment.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 14, 1984.

*Steven D. Smith*, for appellant.
*J. Ronald Mullins, Jr.*, for appellee.