73853. SHOWALTER v. VILLA PRADO ASSOCIATES et al.
(356 SE2d 895)

BEASLEY, Judge.

This is an appeal from the grant of summary judgment to the owner of the apartments where appellant lived and where he fell and sustained injuries. He is entitled to a jury trial, he contends, because there are genuine issues of material fact so that defendants are not relieved of liability as a matter of law. OCGA § 9-11-56 (c).

In such cases, we must consider that the law favors a jury determination of the issues. " '[Q]uestions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.' [Cit.] Added to that list are related issues of assumption of risk, lack of ordinary care for one's safety, lack of ordinary care in failing to foresee a condition which could cause injury [Cit.], and even where there is no dispute as to the facts, it is usually for the jury to say whether the conduct in question met the standard of the reasonable man. [Cit.] 'Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication.' [Cit.]" *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 836 (331 SE2d 899) (1985).

Defendants are not entitled to summary judgment unless they negate at least one of the essential elements of plaintiff's case, and the latter is entitled to a construction of the evidence most strongly in his favor, including the benefit of all reasonable doubts and all favorable inferences. *Cunningham*, supra at 838.

Applying these principles, the evidence in the record would authorize a jury to find as follows: Showalter was returning to his apartment, where he had lived for several years, after a heavy rain which left puddles of water on the sidewalk. He knew this had occurred previously and on other occasions skirted the puddles. This time he was using an entrance he rarely used and had not faced a puddle here before.

He attempted to walk around the water but could not completely do so because of its size and its proximity to the wall of the building. He knew it was not completely safe to walk through the water so he went to its edge and, as he was placing his second foot down, he slipped on sediment beneath the water, fell, and broke his leg.

The sediment, which he did not see because it was the same color as the sidewalk, collected on the sidewalk from an adjacent grass and

dirt hill and was not carried off to a drain. The situation had been brought to the attention of management as a dangerous condition on numerous prior occasions, and it unsuccessfully tried to correct it with restraining logs.

The focus here is on the superior knowledge aspect of the case. If there is evidence that the owner had "superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property," it would not be entitled to judgment. "It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted." *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (332 SE2d 304) (1985).

"[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982). See also *Nicholson v. MARTA*, 179 Ga. App. 173, 175 (345 SE2d 679) (1986); *Burkhead v. American Legion*, 175 Ga. App. 56, 57 (332 SE2d 311) (1985); *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136, 138 (207 SE2d 532) (1974). Plaintiff knew of the water and knew that walking through water is somewhat dangerous, but there is evidence that he did not know there was sediment underneath nor that the sediment caused a slippery condition.

On the other hand, there is evidence that the owner knew both that there was sediment collecting under the water and that this caused a slippery and thus dangerous condition more acute than if only water was present. There was also evidence that the slip was caused by the sediment. " '[K]nowledge of defect' should not be confused with 'knowledge of danger.' [Cit.]" *Firestone Svc. Stores v. Gillen*, 58 Ga. App. 782, 787 (199 SE 853) (1938).

There being some evidence of "(1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee." *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981), the apartment owner was not entitled to summary relief from liability.

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 9, 1987 —
REHEARING DENIED APRIL 23, 1987 — ▮▮▮▮▮▮▮

*Eugene A. Medori, Jr.*, for appellant.
*James H. Fisher II*, for appellees.