## 77807. ROSSANO v. AMERICAN LEGION POST NO. 29.

(376 SE2d 698)

DEEN, Presiding Judge.

Anne Rossano brought suit against American Legion Post No. 29 (American Legion) for injuries she sustained when she fell off the side of a ramp located on American Legion's premises. Mrs. Rossano's deposition testimony showed that she had visited the American Legion two evenings a week for several years and that she participated in card and bingo games that the American Legion organized. Although there was a stairway which led from appellee's building to the parking lot, it was Mrs. Rossano's habit to walk down a ramp located near a convenient exit to the parking lot. This ramp was usually occupied by a car owned by a Mrs. Dilbeck, and Mrs. Rossano was forced to make her way around the parked car before she could reach level ground. On the evening in question, Mrs. Rossano's foot slipped off the side of the ramp near the bottom, and she fell and fractured her hip. The plaintiff testified that it was a usual night, but that she noticed that it appeared to be somewhat darker than usual just before she fell. After her fall, she noticed that the porch light above the top of the ramp was not lit, although the remaining lights in the area were turned on. She had not noticed a problem with the lighting on her last visit some five days earlier.

In her lawsuit, Mrs. Rossano alleged that the American Legion was negligent in permitting a car to park on the ramp and in letting the light bulb at the top of the ramp burn out. She brings this appeal following the grant of American Legion's motion for summary judgment.

The trial court held that the plaintiff had made numerous visits to the defendant's hall over the course of many years, that she had used the ramp to exit the building on many occasions, that she knew that the ramp was usually occupied by a car, that the presence of the car on the ramp necessitated that she use caution in walking down the ramp past it, and that there was an alternative means of exiting the building to the parking lot which she chose not to utilize. The court further found that the plaintiff was aware of the danger when she started down the ramp. Our examination of the record does not indicate that the defendant was aware of the lighting problem.

1. Mrs. Rossano contends that issues of contributory negligence, diligence, proximate cause and comparative negligence are always issues within the province of the trier of fact. While we generally agree

with this statement, there is an exception where the facts conclusively show by plain, palpable and undisputed evidence that the defendant was not at fault, such case properly may be resolved as a matter of law through summary judgment. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976).

As the evidence in the instant case falls within the above-quoted exception, we find no merit in this enumeration.

2. Mrs. Rossano next contends that the trial court misinterpreted her deposition testimony by assuming that her awareness of the dark occurred prior to her descent of the ramp when, in fact, she stated that she did not know it was dark until she got "right to the edge of the ramp ready to step down" because this act occurred at the bottom of the ramp, after she had committed herself to that course of action in the belief that there was sufficient light.

We must disagree with appellant's interpretation of this testimony. She was asked: "As you came out and you approached the ramp . . . whatever the lighting conditions were, it didn't appear dangerous to you, did it? She replied that she "didn't think about that aspect of it and . . . didn't anticipate [any] danger." Then she testified that it didn't look unusually dark until she got to the edge of the ramp. Further testimony indicates that she walked three or four steps down the ramp before she felt her right foot at the edge of the ramp, her ankle turned, and she felt herself falling off the ramp. "I think what probably happened, my right foot probably slipped off the edge of the ramp . . . when I got almost to the bottom." From this testimony, her observation of the darkness had to have occurred before she stepped onto the ramp. She fell from the side of the ramp while walking down it and did not fall while stepping down from it.

In her affidavit opposing the defendant's motion for summary judgment, Mrs. Rossano states, "At no time prior to the beginning of my descent down the ramp did I discover anything to lead me to the conclusion that the descent down the ramp would be unsafe."

On summary judgment all the evidence must be construed against the movant and in favor of the party opposing the motion. It must be determined if the testimony of a party-witness is contradictory. If it is, the testimony will not be construed against the party-witness if a reasonable explanation is offered for the contradiction. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial court. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). In the instant case, no reasonable explanation for the contradiction was given by Mrs. Rossano, and the trial court did not err in finding that she noticed that the area was darker than usual when she stepped onto the ramp. "[O]ne who chooses to walk in darkness does not exercise ordinary

care for [her] safety." *Braun v. Wright*, 100 Ga. App. 295, 296 (111 SE2d 100) (1959).

3. Appellant's final enumeration of error relies upon *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895) (1987), and claims that the trial court erred in failing to adhere to the principle that the plaintiff's knowledge of a hazard must be knowledge of a specific hazard and not merely hazardous conditions in general.

This case, unlike *Showalter*, does not present a case of a general hazard of which the plaintiff was unaware, but of which the property owner was aware. In that case, the plaintiff was aware of a pool of water, and that walking through water is somewhat dangerous, but there was evidence that he did not know that there was sediment underneath or that the sediment caused a slippery condition. The defendant, apparently, was aware of both facts. The only hazard in the instant case was the edge of the ramp as it rises from the parking lot until it meets the edge of the defendant's building. This hazard was rendered more dangerous by a burned-out porch light. The hazard was not hidden, but was well-known to Mrs. Rossano, and the trial court found that she observed that the lighting was poor when she stepped onto the ramp. As she was thoroughly familiar with the ramp, her knowledge was equal to or superior to that of the defendant and she cannot recover. *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985). When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. *Garnett v. Mathison*, 179 Ga. App. 242 (345 SE2d 919) (1986); *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984); *Cook v. Delite Beauty Supply*, 165 Ga. App. 859 (303 SE2d 40) (1983).

Although Mrs. Rossano contends that the placement of a parked car on the ramp created a hazard of which she could not have been aware, the evidence is undisputed that she knew that Mrs. Dilbeck's automobile was usually parked on the ramp with the permission of American Legion. The plaintiff testified that she did not know if it was parked any differently, on the day that she fell from the ramp, from any other time it was parked there. Her affidavit, however, contradicts her deposition testimony, as she claims that the car was parked so as to force her off the ramp. The conflicting evidence must therefore be construed against her. *Prophecy Corp. v. Charles Rossignol, Inc.*, supra.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 22, 1988 —
REHEARING DENIED DECEMBER 12, 1988 — 

*Richard M. Skelly*, for appellant.
*Brock & Clay, Marjorie M. Rogers, Sam F. Lowe III*, for appellee.