A90A2195. HOSPITAL AUTHORITY OF BEN HILL COUNTY v.
BOSTIC.
(402 SE2d 103)

SOGNIER, Chief Judge.

Maggie Nelms Bostic brought suit against the Hospital Authority of Ben Hill County d/b/a Dorminy Medical Center (the "hospital") to recover damages for injuries allegedly sustained when she fell on the sidewalk outside the hospital entrance. We authorized the hospital's interlocutory appeal from the denial of its motion for summary judgment.

The material facts are not in dispute. Appellee had come to the hospital on September 4, 1987 to make a payment on an outstanding bill, which she testified by deposition she had done every week or every other week since incurring the obligation in 1985. Upon leaving the building, she walked along the same sidewalk she traversed on each visit. She caught the front portion of the sole of her shoe in a sidewalk expansion joint and fell, injuring her arm and knee. Appellee stated the weather was clear on the day at issue and that nothing obstructed her view of the sidewalk. She testified she was aware from previous visits to the hospital that the sidewalk contained cracks of uneven width, but did not realize her foot could become caught in them.

Proof of a fall, without more, does not give rise to liability on the part of a proprietor. There must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee. *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987). "[T]he basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. . . . [If the] invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as

much knowledge as the proprietor does." (Citations and punctuation omitted.) *Froman v. Ga. World Congress Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990).

We agree with appellant that the sidewalk expansion joint at issue was a "static condition"; that is, one that is not inherently dangerous or likely to cause injury until one drives or falls into it or trips over it. Id.; *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114 (321 SE2d 830) (1984). Here, as in *Froman* and *Hadaway*, appellee had traversed the same sidewalk on numerous occasions and was aware that the expansion joints existed and were of varying widths. It was incumbent upon her to exercise ordinary care for her own safety and to use her eyesight to detect any discernible hazard in her path. *Froman*, supra at 339. Although she testified she did not look at the joint in which she tripped, the reason she gave was that she was looking ahead rather than down. There is no evidence to suggest that *appellant* caused any distraction or otherwise impaired her view. See id.; see also *Hadaway*, supra at 115.

Moreover, we do not agree with appellee that cases such as *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895) (1987) compel a finding that a fact question remains regarding her knowledge of the *specific* hazard she encountered. Appellee acknowledged that she had seen the expansion joints, that she knew they were of varying widths, and that she was aware they contained no filler material. She does not contend the specific joint in which she tripped differed from the cracks she previously had observed or that it contained a hazard not visible to one who was exercising ordinary care. Compare id. at 706. Accordingly, we hold the trial court erred by denying summary judgment to appellant. See *Gyles*, supra.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1991.

*Dillard & Landers, Daniell S. Landers, Bryant H. Bower, Jr.*, for appellant.

*John E. Smith III*, for appellee.