## A91A2125. HARPE v. SHONEY'S, INC.
(417 SE2d 184)

SOGNIER, Chief Judge.

Evelyn H. Harpe brought suit against Shoney's Inc. d/b/a Captain D's Fish & Chips, to recover damages for injuries incurred when she slipped and fell on a ramp at a Captain D's restaurant. The trial court granted Shoney's motion for summary judgment and Harpe appeals.

The record reveals that on the evening of February 24, 1989, appellant and her husband went to appellee's restaurant for dinner. They entered the restaurant by ascending a ramp leading from the sidewalk curb to the door. Upon leaving the restaurant after dinner appellant fell while traversing the same ramp. It is uncontroverted that neither the weather, which was fair, nor the lighting, which was described by appellant and her husband at deposition as adequate, contributed to appellant's fall.

Appellant contends the trial court erred by granting summary judgment to appellee because a genuine issue of material fact remains for jury resolution whether the ramp in question was defective. The record contains excerpts from the deposition of appellant's expert, Ben Ritzert, an architect, in which he stated his opinion that the ramp in issue did not meet the applicable Savannah building code in several respects, particularly in that it lacked handrails. Portions of the deposition of Haroon Nasrullah, an employee of the Savannah Building Inspection Department, are also in the record. Nasrullah testified at deposition that this particular ramp is classified as a curb ramp, which does not require handrails. We note that appellee objects to this court's consideration of those portions of the Ritzert deposition not filed in the trial court until three months after the trial court's grant of summary judgment to appellee. However, we need not address appellee's concerns in regard to the Ritzert deposition because even assuming the record establishes that appellee was negligent per se in maintaining a ramp which did not meet building code

specifications, or that a genuine issue of fact exists whether appellee was negligent in maintaining a defective and unsafe ramp, summary judgment was properly granted to appellee.

1. Viewing the evidence in terms of a recovery under common law negligence, we find that summary judgment was properly granted to appellee. "Proof of a fall, without more, does not give rise to liability on the part of a proprietor. There must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee. [Cit.]" *Hospital Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103) (1991). Assuming the ramp was defective, it was a "static condition." Id. at 501. It is uncontroverted that upon entering the restaurant appellant had crossed the same area in which she fell while leaving. Thus, appellant cannot show appellee's superior knowledge, which is necessary in order for her to recover. See id. at 500-501. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. Am. Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988).

2. To establish a claim based on negligence, four elements must be shown: (1) a legal duty; (2) a breach thereof; (3) a legally attributable causal connection between the breach of duty and the resulting injury; and (4) damage to the injured party's legally protected interest. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982).

Even where the duty and breach thereof are established as a matter of law, as in negligence per se, a causal relation between the violation of the statutory duty and the injuries sustained thereby must be shown. *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728, 730 (1) (333 SE2d 829) (1985). In the case sub judice, appellant has failed to demonstrate such a causal relationship. The record shows that neither appellant nor her husband had any idea what caused appellant to fall. Although appellant testified at deposition that "[h]ad [appellee] had a handrail [on the ramp], I would . . . never have fallen," appellant did not allege that once she slipped, a handrail could have helped her recover her balance. Rather, she alleged that the defective condition of the ramp *caused* her to fall. However, appellant testified that she could not be certain where she began slipping because one could not "be certain of every step you take in life" and that she had "no idea if [she] slipped on anything" because she "didn't bother to look," and did not know why she fell. Appellant's husband testified that he did not even see whether she actually slipped on the ramp since "it happened so fast." Accordingly, because in response to appellee's motion appellant failed to show a causal relation between appellee's alleged negligence per se and her injury but instead admitted she did not

know what caused the fall, even assuming appellee was negligent per se in maintaining the ramp, the trial court did not err by granting summary judgment to appellee. See *Boyd v. Garden Center*, 197 Ga. App. 198, 199-201 (1), (3) (397 SE2d 626) (1990).

*Judgment affirmed. Birdsong, P. J., Beasley, Andrews, and Johnson, JJ., concur. McMurray, P. J., Carley, P. J., Pope and Cooper, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

There is evidence that defendant was negligent per se, due to a violation of the applicable building code in maintaining the ramp without a handrail. Evidence of plaintiff's injuries from her fall is also present in the record. Thus, three of the four elements of a negligence claim, as stated by the majority in Division 2, have not been negated by uncontroverted evidence.

At issue in the case sub judice is the third element of a negligence claim, that is, a causal connection between the breach of duty and the resulting injury. See *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693). Affirmance of the grant of summary judgment is proper only if defendant has satisfied its burden to establish through uncontroverted evidence that there was no causal connection between the absence of the handrail and plaintiff's fall. *Reed v. Ed Taylor Constr. Co.*, 198 Ga. App. 595, 596 (402 SE2d 346). In my view, defendant has failed to satisfy this burden, therefore, I respectfully dissent.

Before addressing the issues at hand, some clarification as to the facts may be useful. First, it should be noted that plaintiff had not previously traveled down the ramp in question. On plaintiff's previous visits to the restaurant she had entered and exited by another route. Thus, plaintiff had not previously negotiated any hazards posed by going down, as opposed to up, the ramp. *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477); *Pippins v. Breman*, 152 Ga. App. 226, 228 (262 SE2d 477). Furthermore, plaintiff's testimony is neither ambivalent nor contradictory on the point that she was on the ramp when she slipped and fell.

The majority has misdirected its attention to the fact that plaintiff did not know what caused her feet to slip. Such a lack of information has been fatal to an injured person's claims in many slip and fall cases, since identification of what has caused a slip is often the only means of establishing the fault or breach of duty of a proprietor, as well as the cause of the fall and resulting injuries. See *Hospital Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103); *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, 541 (385 SE2d 688). This case is different in that the defect at issue here is not the cause of the slip, but the absence of a handrail intended to prevent a fall

and injury resulting from any slip by a person on the ramp. The absence of the handrail is foreseeably a contributing cause of the fall of any person who slips while on the ramp.

The reason plaintiff's feet slipped is not material to her claim. The causation question which remains is, given that plaintiff's feet slipped due to some unknown reason, would plaintiff have fallen and sustained her injuries if the required handrail had been present. Defendant has presented no evidence on this issue and even if it had such would be controverted by plaintiff's opinion testimony that she would not have fallen if there had been a handrail. It follows that since neither the causation element nor any element of plaintiff's claim has been negated by uncontroverted evidence, summary judgment should not have been granted in favor of defendant.

I am authorized to state that Presiding Judge Carley, Judge Pope and Judge Cooper join in this dissent.

DECIDED MARCH 5, 1992 —
RECONSIDERATION DENIED MARCH 30, 1992 —

*John G. Hunter*, for appellant.
*Adams, Gardner & Ellis, George L. Lewis*, for appellee.