A92A0443. BALDWIN COUNTY HOSPITAL AUTHORITY v. MARTINEZ.
(420 SE2d 760)

ANDREWS, Judge.

Baldwin County Hospital, pursuant to the grant of its application for interlocutory appeal, contends that denial of its motion for summary judgment was error.

Dr. Martinez, who had been on the staff of the hospital at that same location for 27 years, was injured when he tripped in the staff parking lot on October 1, 1988. He sued, alleging that he tripped over

"cement covered with asphalt . . . which was the same dark color as the surrounding surface to the parking lot." There were two access doors from the staff parking lot into the hospital. One, which was generally used by Dr. Martinez, opened into the medical records department and he regularly stopped there to review charts. The other went by the office of the administrator. Dr. Martinez could not recall when he had used that door, although he was aware of its existence and availability to him. When he was injured, Dr. Martinez had exited through the administrator's door and stepped off the concrete stoop to the side, between two upright posts, instead of stepping directly to the front and off the stoop. As he was exiting, he was speaking to Ms. Stuckey, a nurse who was entering the building as he was leaving. Dr. Martinez stated that the "asphalt made the cement underneath covered up with a dark color." With this dark color, Dr. Martinez stated that he could not have discovered it through the exercise of ordinary care. "You couldn't see it and besides I don't know if certain times of the day it would be harder to see than others. That's another thing, too. I don't know. But the thing is you couldn't — with that dark color, both, it's no way unless you were looking just exactly there."

The hospital moved for summary judgment, contending there was no dispute of material fact, that the defect was patent and obvious if, as alleged by the hospital, it was white against the black asphalt, or, in the alternative, was not known to the hospital and, therefore, the hospital breached no duty to Dr. Martinez if it was covered by asphalt like the rest of the lot, as alleged by Dr. Martinez.

As conceded below and here by the hospital, there is a dispute of fact as to the nature of the material over which Dr. Martinez tripped. Dr. Martinez alleged and deposed that there were "two balls" of cement covered with asphalt that made the cement the same dark color and blended in. The remaining witnesses, however, stated that the irregularity in the lot was some white cement that was clearly visible on the black asphalt. Ms. Stuckey, the nurse to whom Dr. Martinez had spoken immediately before falling, stated this and that she had tripped over the white concrete bumps several times previously. On October 3, 1988, one of the hospital engineers, Mr. Allen removed two "clearly visible spots of white concrete" from the staff parking lot at the direction of a hospital representative.

"In order '(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cits.]' *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981); [Cit.]." *Willis v. Allen*, 188 Ga. App. 390, 391 (373 SE2d 79) (1988).

Here, the hospital contends that, whichever version of the bumps

in the parking lot is considered, as a matter of law, it is entitled to recover.

The existence of a dispute of fact under such circumstances will not necessarily preclude summary judgment. *Chelena v. Ga. Fed. Savings &c. Assn.*, 256 Ga. 336, 337 (349 SE2d 180) (1986). Here, the nature of the lump is not a material fact because under either factual scenario, the hospital was entitled to summary judgment. *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 392 (4) (394 SE2d 345) (1990); *Chelena*, supra.

" 'Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.' *Alterman Foods v. Ligon*, 246 Ga. 620, 625 (272 SE2d 327) (1980). In order for a plaintiff to recover, two elements must be proven: '(1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. [Cits.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn [the invitee] and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of (this) knowledge, assumes the risks and dangers incident to the known condition.' [Cit.]" *Gyles Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987).

A "static" defect is one which is "patent and long standing but static. . . . We characterize a 'static' defect as one which in and of itself is not dangerous. Certainly where there is common knowledge of a break in pavement, the defect standing alone is not dangerous or likely to cause injury until such time as one drives into it or falls into it." (Citations omitted.) *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114 (321 SE2d 830) (1984).

Dr. Martinez was aware that the roof of the hospital had had work done in previous years and that concrete was used in that work, including around the entry doors to the building. Also, the parking lot for staff had been expanded and repaved in 1973, during Dr. Martinez' tenure. The paved parking lot indisputedly had irregularities and "trifling defects" visible to all.

"[P]laintiff was well aware of the condition of the [parking lot] and his knowledge was, or at least should have been, equal to that of defendants. (' "An invitee is under an equal duty with the owner to use (his) sight to discover any defect or dangers. (Cits.))" [Cit.]' *Roberts v. Gardens Svcs.*, 182 Ga. App. 573, 574 [(356 SE2d 669) (1987)]." *Harmon v. Reames*, 188 Ga. App. 812, 814 (374 SE2d 539) (1988).

Here, Dr. Martinez also contends that he was distracted by speaking to the nurse. If, however, the lump was white on black, the distraction theory will not preclude summary judgment for the hospi-

tal. There is no showing in the record that any such distraction was created by the hospital, a requirement for use of the principle. *Hospital Auth. &c. v. Bostic*, 198 Ga. App. 500, 501 (402 SE2d 103) (1991); *Froman v. Smith*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990) (both dealing with expansion joints); see *Gray v. Alterman Real Estate*, 196 Ga. App. 239, 241 (396 SE2d 42) (1990).

If, on the other hand, the lump was black and blended into the surrounding asphalt, the record contains no evidence that the hospital had the requisite superior knowledge of the existence of these lumps to place on it the duty to warn upon which liability is premised. *Emory Univ. v. Duncan*, 182 Ga. App. 326, 328 (2) (355 SE2d 446) (1987) (physical precedent). Compare *Haire v. City of Macon*, 200 Ga. App. 744 (409 SE2d 670) (1991).

Therefore, summary judgment should have been entered in favor of the hospital.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 22, 1992 —
RECONSIDERATION DENIED JULY 8, 1992 —

*Jones, Cork & Miller, Timothy Harden III, W. Kerry Howell,* for appellant.
*Shane M. Geeter,* for appellee.