A92A1717. WILKERSON et al. v. ALEXANDER et al.
(429 SE2d 685)

McMURRAY, Presiding Judge.

Appellant Shiela Wilkerson, individually and as administratrix of the estate of her minor daughter Nyrica Knox, brought an action against appellees Brenda Davis and Roosevelt Alexander alleging that their negligence caused the wrongful death of the child in a fire in their home. Appealing from the grant of summary judgment to appellees, she contends summary judgment was improper because three issues of material fact are in dispute: (1) whether there was a functioning smoke detector in the appellees' house on the night of the fire, demonstrating their superior knowledge of the increased risk of foreseeable, life-threatening danger; (2) whether appellees' failure to have a functioning smoke detector in the house on the night of the fire was the proximate cause of Nyrica Knox's death; and (3) whether Nyrica Knox should be considered in the status of a licensee or invitee, even though this distinction has been significantly diluted by recent court decisions regarding duties owed to minors.

The undisputed facts, briefly summarized, are as follows: Roosevelt Alexander and Brenda Davis, who are common-law husband and wife, had been friends and close neighbors of appellant since 1988. Davis's three children, two grandchildren and niece, Ashley Davis, lived with them. Ashley Davis and appellant's six-year-old daughter Nyrica Knox became friends and played together every day. Appellant and Brenda Davis and Davis's adult daughter Vanessa Davis also spent a lot of time together at one house or the other, and on weekends, while Alexander was working nights, they would often go together to a nightclub. On these occasions, Nyrica Knox stayed overnight at the appellees' house with the other children, who were supervised by the 13-year-old daughter of Brenda Davis after Alexan-

der left for work.

On Saturday, September 16, 1990, appellant had not planned to go out, but Nyrica Knox wanted to spend the night with Ashley Davis. Appellant initially refused to let her go, but when Brenda Davis called to invite the child to come over appellant permitted her to leave between 8:00 and 9:00 p.m. Davis suggested they go to the nightclub and appellant declined, but then decided to go get a tire she needed for her car and asked Davis to accompany her in case she had any car trouble. Brenda Davis, Vanessa Davis and appellant sat and talked at appellant's house until about 10:45 p.m. Brenda Davis called and asked her children to bring her a pair of flat-heeled shoes in case she had to walk home, and all of them came over to appellant's house with the shoes except Nyrica Knox, who the other children said had fallen asleep on the sofa in the den.

Brenda Davis went back to her house to check on Nyrica Knox while appellant and Vanessa Davis waited in the car before they departed. Alexander had left for work but everything was fine and Nyrica Knox was still asleep on the sofa. Brenda Davis, Vanessa Davis and appellant went to the house of the friend who had the tire. A short time after they arrived, they were told that Davis's house was on fire. When they got back to the house, they learned that Nyrica Knox had been taken to Grady Hospital, where she died of smoke inhalation. All the other children had been able to escape unharmed from the burning house except Nyrica Knox, who was found behind the door on the bathroom floor.

The fire department arson investigator determined that the fire was started in the bedroom next to the kitchen by small children playing with a lighter. Appellant remembered seeing matches and lighters left out around the house on several occasions, but said that Brenda Davis would always either put them away from the children, or warn the children not to touch them. She also recalled that there was a smoke detector near the kitchen. She was at the house about three weeks prior to the fire while Brenda Davis was cooking. She deposed that when smoke set off the alarm, Davis reached up and turned it off so it would not buzz. She added that Davis turned it back on when the smoke cleared.

The arson investigator testified he did not believe there was a smoke detector in the house as he could not locate any signs of one, and he thought Roosevelt Alexander had told him there was none. By affidavit, he deposed there was no doubt or question in his mind that had there been a smoke detector on the premises he would have found it or a part of it during his investigation, as the severity of the fire was not a factor in the ultimate location of a smoke detector at a given scene. The appellees were unequivocal, however, that there had been a functioning smoke detector located in the house at all times

they were living there. *Held*:

1. Appellant contends that the most significant issue in dispute is whether there was a functioning smoke alarm in appellees' house on the night of the fire. She argues that the arson investigator's failure to find any signs of one in the burned house raises an inference that there was none, creating a pivotal question of fact for jury resolution; that even though there is no statute requiring that a functioning smoke alarm must be maintained as a matter of law, the appellees had a common-law duty to do so and the "deliberate removal" of the fire detector from their house was a violation of the duty they owed Nyrica Knox; and that having undertaken to provide a safe environment by purchasing a house with a smoke alarm, their removal of this protection was negligent.

"In order to state a cause of action for negligence it is necessary to establish the essential elements of duty, breach of that duty, and proximate cause which amounts to a legally sufficient causal connection between the conduct alleged and the resulting injury. [Cit.]" *Black v. Ga. Southern & Fla. R. Co.*, 202 Ga. App. 805, 806 (1) (415 SE2d 705) (1992). "It is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. [Cit.]" *Franklin v. Elmer*, 174 Ga. App. 839 (1), 842 (332 SE2d 314) (1985). "The essence of negligence 'consists of exposing another to whom one owes a duty, or exposing oneself, to a foreseeable unreasonable probability of harm. Reasonable foresight does not require of a plaintiff or a defendant that he anticipate exactly what will happen and exercise perfect judgment to prevent injury. "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." (Cit.) "Negligence is predicated on faulty or defective foresight rather than on hindsight which reveals a mistake." (Cits.)' [Cit.] If a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence. [Cit.]" *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41, 44 (1), 45-46 (390 SE2d 61) (1989), overruled on other grounds, *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169 (393 SE2d 64) (1990).

Absent a statute, ordinance or regulation requiring the installation and maintenance of a smoke detector, appellees had no legal obligation to do so. Compare *Total Equity Mgmt. Corp. v. Demps*, 191 Ga. App. 21, 23 (2) (381 SE2d 51) (1989). "Thus the matter is thrown into the common law, which does not specifically set this particular requirement either. If such a duty exists, it is because it arises under the statute which provides that: 'In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. . . . The absence of such diligence is termed ordinary negligence.' OCGA § 51-1-2." *Ogletree v. Navistar*

*Intl. Transp. Corp.*, supra at 46.

We do not consider the evidence presented by appellant to be such as to demand a holding, as a matter of law, that the appellees were under a duty to provide a functional smoke detector for the benefit of Nyrica Knox and failed to do so. Thus, "we do not find a material question of fact remains as to the essential element of breach of duty. *'Negligence* cannot be presumed; on the contrary, performance of duty and freedom from negligence is presumed. (Cit.)' (Emphasis in original.) [Cit.]" *Robertson v. MARTA,* 199 Ga. App. 681, 683 (405 SE2d 745) (1991). Here, as in *Wren v. Harrison,* 165 Ga. App. 847, 849 (303 SE2d 67) (1983), " '[w]hile this court is sympathetic to the great loss suffered by the bereaved [mother], under the facts of this case [she has] failed to establish any duty owed which would provide a basis for actionable negligence. (Cits.)' [Cits.]"

2. In addition, "[appellant's] argument overlooks the principle that liability in tort does not arise unless there is present *both* negligence *and* proximate cause." (Emphasis in original.) *Taylor v. Mc-Lendon,* 205 Ga. App. 390 (2) (422 SE2d 440) (1992). Regardless of whether there was a functioning smoke detector in the appellees' home and whether the alarm went off on the night of the fire, the evidence does not prove that the absence of such a warning device was the proximate cause of Nyrica Knox's tragic death. Clearly, she did not sleep through the fire since she had moved from the couch into the bathroom, and there was nothing to indicate that the only reason she did not survive was because no alarm sounded. Indeed, the fire inspector testified that because many people, particularly children, become so frightened during fires that they hide in concealed places rather than leaving the house as they should, fire fighters are trained to look under beds and in closets as a part of the preliminary search they conduct.

3. It is thus unnecessary to determine if Nyrica Knox was an invitee or a licensee in appellees' home at the time of the fire. "A defendant may prevail on its motion for summary judgment 'by showing the court that the documents, affidavits, depositions and other evidence in the record reveal there is no evidence sufficient to create a jury issue on at least one essential element of a plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All the other disputes of fact are rendered immaterial. (Cit.) A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party

cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).' [Cits.]" *Collins v. Byrd*, 204 Ga. App. 893, 894 (420 SE2d 785) (1992).

Appellant has failed to fulfill this edict. Appellees, having pierced the allegations of the complaint and established as a matter of law that the appellant could not recover under any theory fairly drawn from the pleadings and the evidence, were entitled to prevail on their motion for summary judgment, and the trial court correctly ruled in their favor. *Baldwin County Hosp. Auth. v. Martinez*, 204 Ga. App. 840 (420 SE2d 760) (1992).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 2, 1993 —
RECONSIDERATION DENIED MARCH 22, 1993.

*Robert B. Lipman, Darryl S. Marmon,* for appellants.
*Drew, Eckl & Farnham, Peter H. Schmidt II, Elizabeth C. Helm,* for appellees.

