A93A0761. HUNTLEY JIFFY STORES, INC. et al. v. GRIGSBY.
(431 SE2d 435)

BEASLEY, Presiding Judge.

This appeal is before the court from the grant of defendants' application for interlocutory appeal to review the denial of summary judgment in this negligence action resulting from a slip and fall. We reverse.

The complaint alleged that plaintiff Grigsby, a business invitee at defendants' convenience store, was injured when she tripped and fell over a raised section of the sidewalk of defendants' premises.

Plaintiff's deposition testimony established the following: In March 1991, plaintiff's father drove her to defendants' convenience store to purchase a money order. She had visited defendants' store monthly for at least a year to purchase money orders. He parked at the curb and discharged plaintiff while he waited in the car. She walked around the car to the sidewalk and into the front door without difficulty, using the cane she had required since being diagnosed with multiple sclerosis in 1985. When asked whether she saw cracks or uneven divider spaces in the concrete on her way into the store, plaintiff replied, "I didn't pay no attention."

She purchased the money order, exited the store, and fell when she placed her cane on an uneven section of the sidewalk. When asked whether she noticed the uneven portion of the sidewalk before she fell, she replied, "I wasn't paying attention to that. I was just going back to my car . . . ," she did not observe the sidewalk. Nothing obstructed her view or distracted her from looking down at the sidewalk. The weather was clear, dry and sunny. After standing up, she looked down and was able to see the uneven portion of the pavement that had caused her fall.

In opposition to summary judgment, plaintiff produced the affidavit of an optometrist showing that she experiences decreased vision (20/50 right eye and 20/400 left eye) due to proliferative diabetic retinopathy.

" '[T]he basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. . . . (If the) invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' [Cit.]" *Hosp. Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103) (1991). "[T]he sidewalk expansion joint at issue was a 'static condition'; that is, one that is not inherently dangerous or likely to cause injury until one . . . trips over it. [Cits.]" Id. at 501. Accord *Froman v. Ga. World Congress Auth.*, 197 Ga. App. 338 (398 SE2d 413) (1990); *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984); *Durrance v. Bacon County Hosp. Auth.*, 172 Ga. App. 1 (321 SE2d 767) (1984).

As in *Bostic, Froman*, and *Hadaway*, plaintiff had traversed the sidewalk on numerous previous occasions. " 'When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]' [Cit.]"

*Harpe v. Shoney's*, 203 Ga. App. 592, 593 (1) (417 SE2d 184) (1992). Moreover, the static defect was openly visible and plaintiff was not prevented or distracted on this occasion from observing it. "The proof offered clearly puts this case within the line of cases involving the 'plain view' doctrine and effectively eliminates any 'distraction' theory. [Cits.]" *Hadaway*, supra at 115.

Plaintiff claims that a factual question remains as to whether she utilized her diminished "senses in a reasonable measure amounting to ordinary care in discovering and avoiding [injury to herself]." *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 47 (332 SE2d 304) (1985). Summary judgment was denied on this basis.

Notwithstanding her visual limitations, she observed the uneven pavement from a standing position after regaining her footing, attributing it as the cause of her fall. She did not notice it previously because she was paying no attention to it. "It was incumbent upon [plaintiff] . . . to use her eyesight to detect any discernible hazard in her path." *Bostic*, supra at 501. Although she admittedly had the capacity to do this, she failed to exercise due care to avoid injuring herself.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 11, 1993.

*Dillard, Bower & East, Bryant H. Bower, Jr.*, for appellants.
*Leaphart & Johnson, J. Alvin Leaphart*, for appellee.