A93A0146. WALKER, DADE & CATOOSA COUNTIES
HOSPITAL AUTHORITY v. CLARK et al.
(432 SE2d 647)

COOPER, Judge.

While visiting a patient at the Hutcheson Medical Center, appellee slipped and fell on a wheelchair ramp in the sidewalk outside the hospital. The ramp was painted bright yellow and sloped about four inches into a parking lot paved with black asphalt. At the time of appellee's fall, the sidewalk was wet from a recent rain. Appellee testified in her deposition that she moved over on the sidewalk to allow room for an approaching person, and when she hit the yellow paint it was "slick as glass" and "threw" her. She sought damages against appellant, d/b/a the Hutcheson Medical Center, for maintenance of unsafe premises, alleging that she had no opportunity to ascertain that the ramp's surface had been made so slick by the paint. The trial court denied the appellant's motion for summary judgment under the authority of *Whitley v. Hulon*, 194 Ga. App. 363 (390 SE2d 598) (1990), and we granted its application for interlocutory review.

Appellant contends it breached no duty of care to appellee because it provided notice and warning of the sloping ramp by painting it yellow. Further, although appellee maintained that the ramp's surface was too slick, she admitted seeing the yellow paint and knowing the ramp was wet when she stepped on it. Appellee presented no evidence of superior knowledge on the part of the hospital authority of a dangerous or defective condition, and the hospital authority established that no other falls had been reported in that area and that it was unaware of any dangerous condition where the appellee fell.

We conclude that the trial court's reliance upon *Whitley* was misplaced, as it is distinguishable on its facts. The wheelchair ramp on which the plaintiff fell in *Whitley* was the same color as the parking lot, and plaintiff alleged that this prevented her from ascertaining the degree of the slope and that she might have noticed the danger had the slope been painted a different color from the parking lot. Moreover, the defendant was aware that another customer had previously fallen at the same place, but no steps were taken to prevent or warn of the dangerous condition. The majority of this court in a 5-4 decision reversed the trial court's grant of summary judgment to the defendant, holding that "[w]hether plaintiff exercised a reasonable lookout and whether defendant should have painted the slope, erected a guardrail or posted warning signs are questions of fact which should be resolved by a jury. [Cit.]" Id. at 364.

Holdings more applicable to the situation here may be found in cases such as *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993); *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176 (424 SE2d 855) (1992); *Sinclair v. Orozco*, 205 Ga. App. 498 (423 SE2d 25) (1992); and *Baldwin County Hosp. Auth. v. Martinez*, 204 Ga. App. 840 (420 SE2d 760) (1992). These decisions turn on the principle that there must be a showing by the plaintiff of superior knowledge on the part of the defendant of the existence of any alleged defect to place on the defendant the duty to warn, upon which liability is premised, viz.: "Even if the slope of the [ramp] created a hazardous condition, that the condition was open and obvious is illustrated by [the plaintiff's own testimony]. . . . Thus, the condition could have been discovered and avoided by the plaintiff in the exercise of ordinary care and defendant is entitled to summary judgment because the facts show plaintiff's equal knowledge of the condition." *Sullivan*, supra, at 115. It follows that summary judgment should have been entered here in favor of the appellant.

*Judgment reversed. Beasley, P. J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED JUNE 15, 1993.

*Watson & Dana, H. Kimbrell Sawyer III*, for appellant.
*Renzo S. Wiggins*, for appellees.