A98A1119. GLEASON v. HAGEMEISTER et al.
(509 SE2d 704)

McMURRAY, Presiding Judge.

This is a slip and fall case. Plaintiff Gleason, an outside salesman employed by a supplier of building materials, had visited the home construction site where he was injured on March 9, 1994, and again on March 10, 1994.

The first of these visits was to check on a delivery of building supplies, and on that occasion he entered and left the premises via

the front entrance using a walk board that had "runners" the entire length of the board. The "runners" were apparently strips of wood placed perpendicular to the length of the board and nailed down so as to provide better traction in crossing the board.

On the following day, plaintiff returned to the construction site for a meeting concerning measurements for and selection of windows with a co-owner of the corporation building the house. On this occasion, the two walked to the back of the house in order to check the basement windows and then entered the house through the garage in order to check the windows on the main and upstairs level. After completing their task, the men proceeded to leave the house via the front entrance. At this stage of construction no permanent steps had been provided.

At the front entrance, plaintiff saw the end of a walk board at the same position as the board he had used the previous day, and he assumed it was the same board. Plaintiff saw a portion of the walk board extending into the house with two "runners" on it, one in the house and one just outside the house. The walk board was a two-inch by ten-inch board slanted at an angle of approximately forty-five degrees from level. The walk board entered the house from plaintiff's right, and most of its length was concealed behind a wall. Plaintiff climbed onto the walk board, placing his foot between the two "runners" he saw so that it was supported by the lower one, then turned and took his first step without visually checking his footfall. His foot slipped, and plaintiff fell. After his fall, plaintiff could see that the walk board did not have "runners" for its entire length, but only the two which he had previously seen.

This action was filed against a framing subcontractor, Hagemeister, and his employees or agents, Bryner and Arlelia. The complaint included allegations that defendants breached duties of care to plaintiff to maintain the premises in a safe condition by placing the walk board from which plaintiff fell. The action against Arlelia was dismissed by plaintiff without prejudice.

The superior court granted summary judgment in favor of defendants as to the slip and fall issue. Plaintiff appeals. *Held*:

In order to recover, plaintiff must show that defendants had actual or constructive knowledge of the dangerous situation, and that plaintiff was without knowledge of the situation or, for some reason attributable to defendants, was prevented from discovering the situation. *Edwards v. Wal-Mart Stores*, 215 Ga. App. 336, 337 (449 SE2d 613). The superior court's order indicates it concluded that plaintiff had failed to satisfy either portion of this two-part test.

While it is clear that defendants were aware of the walk board from the uncontroverted evidence showing that it was positioned at the front entrance by Bryner on Hagemeister's instructions, the

superior court determined that there is no evidence that the walk board created a dangerous situation. With this conclusion, we cannot agree. Plaintiff presented the affidavit of an architect and builder who opined that a walk board should not have been used because it was inherently dangerous and that any walk board used should have "runners" for the entire length of the board to prevent persons slipping, rather than merely having two runners at the top of the board. This evidence is consistent with plaintiff's statements showing that he relied on an assumption that the board in place on the date of his fall was the same as was in place the previous day with "runners" along the entire length of the board. Plaintiff deposed that runners were placed on such a board "in case the board was wet that you would have footing all the way down."

The second part that plaintiff must show, his lack of knowledge of the situation, is established by plaintiff's evidence that the walk board in place on the date of his injury was different from the walk board in place the previous day in that it lacked "runners" along the entire length. This distinction is strangely overlooked in both defendants' argument and the superior court order, both of which suggest that plaintiff had a familiarity with the walk board from which he fell due to crossing an apparently different walk board on the previous day. Yet, the evidence on this point is not in conflict as Hagemeister acknowledged that he did not know whether the walk board from which plaintiff fell was the same as had been in place the previous day. The evidence as to the different construction of the two walk boards is a critical matter in view of plaintiff's evidence establishing the greater lack of safety of a walk board without "runners" and due to the fact that the walk board was wet due to rain when plaintiff fell. Plaintiff cannot be deemed to have had knowledge of the characteristics of the walk board from which he fell so long as his vision of it was blocked.

This brings us to that point in time after plaintiff climbed on the walk board and could have observed the full length of the board, but instead took that faithful first step without first observing his footfall. Since the superior court apparently overlooked plaintiff's evidence that the walk board from which he fell was different from the one which was in place the previous day, it did not reach this issue but concluded that plaintiff's prior use of supposedly the same walk board gave him ample opportunity to realize the lack of "runners." Putting aside this incorrect factual predicate, we note that in the light of *Robinson v. Kroger Co.*, 268 Ga. 735, 743 (1) (493 SE2d 403), decided after the superior court ruling in the case sub judice, plaintiff's failure to observe his footfall may not alone be deemed to be conclusive proof that plaintiff failed to exercise due care for his own safety. Thus, a jury question remains with regard to the significance

of plaintiff's failure to look before taking his first step.

Nor is this, as suggested by defendants, a case where there is nothing more than proof of a fall. Compare *Hosp. Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103). Plaintiff's evidence also shows fault on the part of defendants along with his own ignorance of the hazard. While defendants argue that plaintiff was unable to show why he fell, this disregards evidence that plaintiff slipped and fell due to the absence of "runners" along the walk board. Plaintiff deposed that when he stepped on the walk board, he stepped on a "runner," but that his next step did not contact a "runner" as there were no more. This step which failed to contact a "runner" is when plaintiff slipped and fell.

Finally, defendants argue that plaintiff voluntarily assumed the risk of any hazard posed by the walk board since he was aware of alternative exits from the house. However, this argument incorrectly assumes that plaintiff had full knowledge of the hazard posed by the walk board which lacked "runners" along its entire length to prevent a slip and fall incident. However, plaintiff's evidence shows that due to the identical placement of the walk boards, he assumed the walk board would be the same as he had crossed the previous day and was unaware that better traction as provided by the "runners" was absent. The superior court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 20, 1998.

*Eastman & Apolinsky, Stephen D. Apolinsky*, for appellant.
*Downey & Cleveland, George L. Welborn*, for appellees.