A95A1711. HILLARD et al. v. FEDERAL PAPER BOARD COMPANY, INC.
(463 SE2d 494)

BEASLEY, Chief Judge.

Hillard and his wife filed this action against Federal Paper Board Company for injuries sustained by him and for her resultant loss of consortium. The Hillards assert that defendant's employees negligently caused Hillard's injuries after he came onto defendant's premises as a business invitee. They appeal the trial court's grant of defendant's motion for summary judgment.

Hillard testified that during the course of his employment as a truck driver, he went to defendant's plant to pick up a load of lumber. As on his previous trips there, defendant's employees loaded the lumber onto his truck. Hillard stood beside his rig and observed. After the loaders finished, they instructed Hillard to affix security straps, which he did. He was instructed by the shipping clerk to move to an area off defendant's premises to cover the lumber with the tarp, which the loaders had put back on the top of the load. This was after the load was weighed, at which time Hillard signed a bill of lading making him responsible for it. He covered the lumber with the tarp

by walking alongside the lumber and rolling the tarp over it. After he mounted the trailer to continue unfurling the tarp, he stepped into a gap between the ends of the stacks of lumber, now covered by the tarp, and fell off, sustaining severe and permanent injuries.

He did not see the gap because it was not visible from where he had been standing on the ground, and he had covered the lumber without first inspecting how it was stacked. He had not done so because, on prior occasions, defendant's employees had loaded it with no gaps between the boards, and no one advised him that the lumber had been loaded differently this time. Defendant's employees acknowledged that it is their custom and practice to load boards flush against one another so that there are no gaps, unless the driver wants it another way or it is not feasible.

Defendant argues in support of summary judgment on the bases that: (1) Hillard assumed the risk of his own injury and failed to look at what he was doing, contrary to the requirements of the plain view doctrine; (2) he had equal or superior knowledge of the dangerous condition; and (3) his own actions rather than those of defendant proximately caused his injury.

1. Unlike cases such as *Emory Univ. v. Duncan*, 182 Ga. App. 326, 328 (2) (355 SE2d 446) (1987), and *Atlanta Gas Light Co. v. Brown*, 94 Ga. App. 351, 354 (1) (94 SE2d 612) (1956), this case is not subject to the plain view doctrine. Defendant presented no evidence controverting Hillard's testimony that he could not see the gap in the lumber from where he had been standing on the ground or that he could not see it because it was covered by the tarp.

A jury could find that Hillard failed to comply with his duty to exercise ordinary care for his own safety, in that he should have discovered the gap and would have done so if he had inspected the lumber from the top before covering it. However, it could also find that defendant's employees breached their duty of exercising reasonable care for the safety of a business invitee by creating a gap and not informing Hillard, leaving him with the belief that the boards were flush and there was no gap. Compare *Alterman Foods v. Ligon*, 246 Ga. 620, 625 (272 SE2d 327) (1980); *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 343 (4) (226 SE2d 142) (1976); *Burd v. City of Atlanta*, 52 Ga. App. 681 (184 SE 412) (1935).

Under these circumstances, " '[w]e can not say . . . as a matter of law that the plaintiff was lacking in ordinary care in not inspecting [the lumber], and that [he] could have avoided the consequences of the defendant's alleged negligence when the same was unknown to [him]. It can not be held as a matter of law that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence.' [Cit.]" *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731, 733 (149 SE2d 527) (1966); compare *Meriwether Mem.*

*Hosp. Auth. v. Gresham,* 202 Ga. App. 535 (1) (414 SE2d 694) (1992). "[I]f the jury found both parties to be negligent, the rule of comparative negligence applicable 'in other cases' under [OCGA § 51-11-7] would govern." *Chotas,* supra at 733-734.

2. The evidence thus far would support a finding that defendant had superior knowledge of the dangerous condition. Cases such as *Brumbelow v. City of Rome,* 215 Ga. App. 321 (450 SE2d 345) (1994), and *Lonard v. Cooper & Sugrue Prop.,* 214 Ga. App. 862 (449 SE2d 348) (1994), are distinguishable. In those cases, unlike this one, the dangerous condition was not created by defendant. Cases such as *O'Steen v. Rheem Mfg. Co.,* 194 Ga. App. 240, 241 (1) (390 SE2d 248) (1990), are likewise distinguishable because they require a plaintiff, who has equal knowledge of a dangerous condition, to use ordinary care to avoid the consequences of defendant's negligence. Hillard testified without contradiction that he did not have equal knowledge.

3. The evidence does not support the conclusion that, as a matter of law, Hillard's actions were the proximate cause of his injury.

In *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, 728 (1) (222 SE2d 105) (1975), relied on by defendant, the Court held that defendant's act could not be the proximate cause where there had occurred between it and plaintiff's injury an independent, intervening act of someone other than defendant, which act was not foreseeable by defendant, was not triggered by defendant's act, and was sufficient itself to cause the injury. Here, there is no evidence of any intervening act.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 1995 —
RECONSIDERATION DENIED OCTOBER 11, 1995 — 

*Burge & Wettermark, Van K. McCombs II,* for appellants.
*Croy, Harris & Hammond, A. Cullen Hammond,* for appellee.