A96A1650. McGINNIS et al. v. ADMIRAL MOVING & STORAGE COMPANY, INC.

(477 SE2d 841)

Judge Harold R. Banke.

Don McGinnis, his wife, Patricia McGinnis, his employer, Select Van & Storage, Inc. ("Select"), and its insurer, Aetna Casualty & Surety Company ("Aetna") (collectively McGinnis) appeal the summary judgment granted to Admiral Moving & Storage Company, Inc. ("Admiral") in this negligence action. Aetna and Select claim a right of subrogation and seek recovery of over $98,000 in workers' compensation benefits McGinnis received.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that McGinnis was injured while unloading a moving van containing household goods into Admiral's storage facility when a six-foot-long metal walk board he was crossing shifted and fell, dropping him to the ground and striking him in the face. Before the fall, Admiral employees had provided the walk board and positioned it between the truck and the loading dock after either directing or accepting the way McGinnis parked the truck parallel to the dock. The walk board bridged the three-foot gap between the dock and the moving van's side door, with one end of the board extending onto the dock and the other into the van. McGinnis and his partner made between ten to twenty round trips over the walk board before it fell. He testified that when he "stepped on the walk board, it catapulted up and hit me in the head and then I went down between the dock and the truck and it hit me again."

McGinnis sustained head injuries which he claimed caused short-term memory loss. He also testified that he could not remember which end of the walk board fell. However, one Admiral employee testified that the end of the walk board lying on the truck fell. Another testified that the walk board slid off the dock. Still another of Admiral's employees testified that McGinnis was pushing a dolly loaded with boxes onto the walk board toward the truck when the end lying on the dock slipped. *Held*:

Occupiers of land are charged with the duty of keeping their premises safe for invitees or warning them of hidden dangers or defects not observable in the exercise of ordinary care. *Ga. Farmers' Market Auth. v. Dabbs*, 150 Ga. App. 15, 16 (2) (256 SE2d 613) (1979); OCGA § 51-3-1. "An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invi-

tee from dangers which are reasonably foreseeable from the arrangement and use of the premises. [Cit.] . . . The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. [Cit.]" *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984). The invitee is not required to look continuously for defects without interruption. Id.

The record indicates that several of Admiral's employees who witnessed McGinnis unloading his truck knew that the walk board was dangerous. One Admiral employee testified that they generally used a dock plate, a "better," shorter device with pins to anchor it, rather than a walk board. Another testified that "[i]f you could see our dock, if you make so many trips, it's [sic] a walk board is . . . actually going to keep on sliding if you constantly keep on making trips." Another testified that had he been using that walk board, "I would have put me a furniture pad up under it. That way it won't slide back and forth." In contrast, McGinnis's partner attested that neither he nor McGinnis knew that the Admiral employees had not secured the walk board.

These disputed facts regarding whether Admiral fulfilled its duty of exercising ordinary care in keeping its approaches safe by providing a walk board with no means of securing it to the dock or van preclude summary judgment. OCGA § 51-3-1. Whether it is reasonably foreseeable that a driver unloading a truck into a commercial storage facility would focus on his burden without suspecting that a walkway provided for his use might become unsafe is a jury question.

Admiral's slip and fall analysis ignores the facts. McGinnis did not slip and fall. On the contrary, the walk board Admiral's employees purposely chose and positioned slipped out from under him, dropped him to the ground, and landed on his head.

We reject Admiral's argument that McGinnis possessed equal knowledge of the hazard and thus, in effect, assumed the risk. Because Admiral failed to present evidence that McGinnis (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with the danger; and (3) voluntarily exposed himself to those risks, this defense lacks merit. *Vaughn v. Pleasant*, 266 Ga. 862 (471 SE2d 866) (1996); see *Hillard v. Fed. Paper Board Co.*, 218 Ga. App. 699, 700 (1) (463 SE2d 494) (1995) (creation of condition without informing business invitee presented jury question as to breach of duty).

Notwithstanding Admiral's contention to the contrary, this case does not turn on whether Admiral's employees had an initial duty to position the walk board. Having undertaken to provide a walkway, Admiral acquired a concomitant duty to act reasonably in so doing. If Admiral executed the undertaking unreasonably, it incurred liability. *Lau's Corp.*, 261 Ga. at 495, n. 2. A jury should decide whether pro-

viding a walk board with no means of securing it in place demonstrated a lack of reasonable care and whether McGinnis failed to exercise reasonable care for his own safety. *Begin,* 172 Ga. App. at 295; see *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452 (411 SE2d 348) (1991).

*Judgment reversed and remanded. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 3, 1996 —
RECONSIDERATION DENIED OCTOBER 31, 1996 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Johnson & Ward, Clark H. McGehee, William C. Lanham, Chambers, Mabry, McClelland & Brooks, Walter B. McClelland,* for appellants.

*Dennis, Corry, Porter & Gray, Robert E. Corry, Jr., Robert D. Schoen,* for appellee.