A97A0418. BRENNAN v. THE FREIGHT ROOM, INC. et al.
(487 SE2d 109)

BEASLEY, Judge.
Appellant brought this action to recover for injuries sustained in

a fall at a public restaurant known as The Freight Room. She appeals the trial court's grant of a motion for summary judgment filed by appellees, who operated the restaurant.

"Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. [Cit.] 'A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. . . . (Cit.)' [Cit.]" *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11, 12 (476 SE2d 797) (1996).

Viewed from this perspective, the evidence is that at approximately 8:30 p.m. on August 4, 1993, appellant and her son went to the restaurant. Appellant, who had not been there before, entered through the main entrance on the east side of the building. She remained inside until approximately 9:15 p.m., when she and her son went to the parking lot to retrieve an item from her car. The parking lot was poorly illuminated, the terrain was rough, and there was broken asphalt. She and her son exited the restaurant through the main entrance, proceeded to her car in the parking lot, and at the son's request went to a game room on the north side of the restaurant.

An elevated concrete walkway or porch is attached to the north side of the building. A set of stairs attached to the front of the walkway leads across the walkway to the door of the game room. There is also a set of two steps on the east side of the walkway. The first of these two steps is composed of broken concrete, and the second consists of brick and mortar; both are uneven. These two steps lead to an uneven gravel and dirt area on the ground. Several feet beyond the steps is a curb followed by a drop in elevation.

Appellant ascended the front stairs of the walkway and looked into the game room. She then descended the walkway by walking down the two side steps onto the ground. She testified that this was the most direct route to the main entrance, and the designated pedestrian walkway directly alongside the building appeared to be a safer route than going back out into the rough and broken parking lot by way of the front stairs, even though the direct route was somewhat darker. She and other restaurant patrons testified that the ground below the two side steps appeared to be level and, because it was very dark and the area was poorly illuminated, the curb was not visible.

As appellant was walking down the steps, she was looking down and trying to be very careful because she could not see very well

because of the conditions. She was unaware of the drop in elevation and fell as she stepped off the curb. When asked whether she was looking ahead at the time of her fall, she responded, "I had been looking at the ground after negotiating those steps. I don't know at the time of the fall. I believe I was looking down but I can't be sure at this point."

Appellant charges appellees with negligence in failing to properly maintain the walkway and provide adequate lighting for the walkways and approaches to its premises.

1. "Where an owner or occupier of land, by express or implied invitation, induces or leads another to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1.

Appellees argue that a jury could not find they failed in this duty because there is no evidence that the outside lighting was inadequate. To the contrary, appellant's evidence is that, although some lighting existed, it did not adequately illuminate the approaches to the restaurant.

"The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." (Citation, punctuation and emphasis omitted.) *Emory Univ. v. Duncan*, 182 Ga. App. 326, 328 (2) (355 SE2d 446) (1987).

Appellees argue that there is no evidence that they had any knowledge of the allegedly inadequate lighting, in that no other falls had occurred in the area and there had been no complaints regarding the lighting, and that appellant had superior knowledge of any inadequacy in the lighting.

The fact that there had been no prior incidents or complaints concerning the lighting does not absolve appellees of liability. " 'An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. [Cit.] . . .' [Cit.]" *Lawless v. Sasnett*, 200 Ga. App. 398, 399 (408 SE2d 432) (1991).

On the issue of superior knowledge, the question is whether appellant had knowledge of the change in elevation, not the lighting of the area. " ' "[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the . . . fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions. . . ." [Cit.]' (Emphasis in original.) [Cit.]" *Lindsey v. J. H. Harvey Co.*, 213

Ga. App. 659, 660 (445 SE2d 810) (1994). According to appellant and her witnesses, the change in elevation was obscured due to the poor lighting.

2. "The [plaintiff] must exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the [defendant's] negligence after it becomes apparent to [her] or in the exercise of ordinary care [she] should have learned of it. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her]." (Citations and punctuation omitted.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Appellees argue that appellant failed to exercise ordinary care for her own safety under the rule, as applied in *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 611-612 (2) (376 SE2d 698) (1988), that " '[o]ne who chooses to walk in darkness does not exercise ordinary care for (her) safety.' [Cit.]"

In *Rossano*, as well as in *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991), also relied upon by appellees, the plaintiffs chose to walk in a poorly illuminated area even though an alternate safe route was readily accessible to them, which they chose not to use. See also *Allen v. Roscoe Weston Motels Ga.*, 220 Ga. App. 402 (469 SE2d 492) (1996) (jury questions whether light sufficient to illuminate abrupt change in level of walkway); *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811 (440 SE2d 545) (1994); *Gateway Mgmt. Co. v. Sutton*, 189 Ga. App. 296 (375 SE2d 462) (1988). There is a disputed issue of fact as to whether an alternate safe means of egress was readily accessible to appellant.

Although she walked from the parking lot up the front entrance to the game room without incident, she testified that the area traversed was not safe and that the route she chose as her means of egress appeared safer. Whether appellant failed to exercise reasonable care for her own safety by choosing the untraversed route is a jury question.

Appellees also argue that a jury could not find that appellant was exercising reasonable care, because she does not recall whether she was watching where she was walking at the time of her fall. From appellant's testimony, a jury could find that she was looking where she was going, including toward the ground, but the darkness prevented her from seeing the curb in front of her.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 22, 1997.

Before Judge Workman.

*Alan B. Gordon*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, John W. Sandifer*, for appellees.

Samuel T. Hibbitts, *pro se.*