A97A0296. SYKES v. COLONY REGENCY PARTNERS, LTD. et al.

(487 SE2d 408)

JOHNSON, Judge.

Connie Sykes appeals from the trial court's grant of summary judgment to Colony Regency Partners Limited d/b/a Regency Park Apartments, and H.D.S. Contractors, Inc., in this action for damages stemming from Sykes' fall on premises owned by Colony Regency and being repaired by H.D.S.

Sykes had lived at Regency Park Apartments for five years when on May 20, 1994, sometime between 8:00 p.m. and 8:30 p.m., she left her apartment en route to the parking lot. Sykes walked on the sidewalk and then took a short cut along a dirt path between two apartment buildings toward another sidewalk. A light fixture in the area was not working. As Sykes stepped from the dirt path, she did not notice that the section of sidewalk onto which she stepped was under repair and its surface had been removed. The parties estimate the excavation to have been approximately six to twelve inches deep, three to four feet wide, and eight feet long. No warning sign, tape or barricade had been placed near the excavation site. As soon as she stepped onto the sidewalk, Sykes fell and severely injured her ankle.

Sykes filed suit alleging Colony Regency and H.D.S., one of the companies repairing the sidewalk, were responsible for her injuries because they failed to warn pedestrians of the hazard and to provide adequate lighting in the area. Colony Regency and H.D.S. moved for summary judgment, claiming that the condition of the sidewalk was easily discernible and that Sykes simply failed to exercise ordinary care for her own safety.

In her deposition, Sykes testified that although it was not "pitch black" outside, it was dark. She was able to see the ground when walking on the dirt path and could see well enough to walk to her car and get in it. However, in response to a question, she acknowledged that she could hardly see anything. Sykes stated she would have been able to see the hole in the sidewalk if the sun had been out or if the light fixture had been working. When asked whether she was looking up or down when she stepped onto the defective sidewalk, Sykes responded that she was not sure but she "thought there was a sidewalk because there's been a sidewal' there for years." She had last used the sidewalk a week earlier, at which time it was in good condition.

In response to the appellees' motions for summary judgment, Sykes submitted an affidavit in which she stated she was unaware that the sidewalk was being repaired and, while walking on the dirt path, "I looked in front of me and saw the outline of the sidewalk . . . [but] did not notice that a section of the sidewalk had been removed." She averred that her vision was obscured by darkness and shadows created by the buildings and that, while she could not recall where she was looking at the exact moment she stepped onto the sidewalk, she believed the defect would have been difficult to detect because of the darkness, shadows and the fact that color similarities caused the intact and excavated sections of sidewalk to blend together.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries

caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1; *Commerce Properties v. Linthicum*, 209 Ga. App. 853, 854 (2) (434 SE2d 769) (1993). The basis for the owner's liability is his superior knowledge of the danger or defect which caused the injury. If the invitee knows of the condition or hazard, the owner has no duty to warn the invitee and is not liable for the injury because the invitee has as much knowledge as the owner does. *Huntley Jiffy Stores v. Grigsby*, 208 Ga. App. 634, 635 (431 SE2d 435) (1993). "[O]ne is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries." (Citations and punctuation omitted.) *Wallace v. Pointe Properties*, 202 Ga. App. 537, 538-539 (414 SE2d 678) (1992).

Colony Regency and H.D.S. do not deny that they knew about the hazardous condition of the sidewalk. Therefore, this case turns on whether Sykes' failure to observe the defect amounted to a lack of reasonable care and, if so, whether her negligence outweighed any possible negligence on the part of the appellees in failing to provide some type of warning and proper lighting in the area. See *Pinkney v. VMS Realty*, 189 Ga. App. 177, 179 (375 SE2d 90) (1988). The sidewalk was not in disrepair the last time Sykes used it. There was evidence that the excavation was not in plain view and was difficult to discern due to darkness, shadows and color similarities between the excavated and intact sections of sidewalk.

In general, "negligence issues are susceptible to summary adjudication only in plain, palpable and indisputable cases; the evidence must be construed most favorably to the party opposing the motion, and he must be given the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. Summary judgment may be granted only where, construing all inferences against the movant, it yet appears without dispute that the case can have but one outcome and that outcome must be in the movant's favor." (Citation and emphasis omitted.) *Greenforest Baptist Church v. Shropshire*, 221 Ga. App. 465, 466 (471 SE2d 547) (1996). Whether an invitee maintained a reasonable lookout for her own safety depends on the facts and circumstances at the time and place of the fall. *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248, 249 (433 SE2d 75) (1993). We cannot say that the facts presented here show, *as a matter of law*, that Sykes failed to exercise reasonable care for her own safety.

Although Colony Regency and H.D.S. argue Sykes made inconsistent statements in her deposition and in her affidavit which should be construed against her, see *Prophecy Corp. v. Charles Rossi-*

*gnol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), we do not agree that the statements were necessarily inconsistent. Sykes consistently maintained that it was dark outside and that darkness interfered with her ability to see. The issues of whether Sykes failed to exercise ordinary care and, if so, whether her negligence outweighed any negligence on the part of Colony Regency and H.D.S. in failing to warn pedestrians or illuminate the area cannot be resolved as a matter of law. See generally *Pinkney*, supra. Accordingly, the trial court improperly granted summary judgment in this case. See *Vizzini v. Blonder*, 165 Ga. App. 840, 841 (303 SE2d 38) (1983).

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 29, 1997 —
RECONSIDERATION DENIED JUNE 12, 1997 — ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Carnes.
*Dudley, Norton & Singleton, Ainsworth G. Dudley, Jr.*, for appellant.
*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson, Sullivan, Hall, Booth & Smith, Roger S. Sumrall, Bach & Hulsey, John C. Bach*, for appellees.