**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 27, 2023

# In the Court of Appeals of Georgia

A23A0240. JOHNSON v. LT ENERGY, LLC.

McFADDEN, Presiding Judge.

Ricardo Johnson was injured when he tripped on a rubber floor mat in a convenience store. In this premises liability action against the store's owner, LT Energy, LLC, Johnson argues that the floor mat was hazardous because it was not secured to the floor and was not positioned flush against the threshold of the store's exterior door, which allowed his foot to slide under it as he entered the store. The trial court granted summary judgment to LT Energy. Because we find genuine issues of material fact that preclude summary judgment, we reverse.

1. *Daubert motion.*

Before turning to the evidence in this case, we note that the trial court issued her summary judgment order without ruling on a pending *Daubert* motion in which

LT Energy sought to exclude expert opinion testimony that Johnson had presented in opposition to summary judgment. See *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SCt 2786, 125 LE2d 469) (1993); see also OCGA § 24-7-702.

In such circumstances, we generally "vacate and remand the case for the trial court to perform its gatekeeping function [regarding such evidence]." *Gervin v. The Retail Property Trust*, 354 Ga. App. 11, 15 (2) (840 SE2d 101) (2020). But we need not do so if we can resolve the question of summary judgment without considering the evidence that is subject to the *Daubert* motion. Compare *An v. Active Pest Control South*, 313 Ga. App. 110, 116 (720 SE2d 222) (2011) (vacating grant of summary judgment and remanding for consideration of *Daubert* motion where "the questions of admissibility are, at least to some extent, dispositive of the question of summary judgment") (decided under former OCGA § 24-9-67.1) with *Gervin*, 354 Ga. App. at 15 (2) (affirming trial court's grant of summary judgment where the subject of the expert's testimony was unrelated to the basis for the summary judgment award).

So in reviewing the trial court's grant of summary judgment in this case, we have disregarded the expert witness's opinion. As detailed below, even without that opinion we find that genuine issues of material fact exist that preclude summary judgment, so we are able to rule on the merits of this appeal rather than vacating the

2

judgment. See generally *Pinder v. H & H Food Svcs.*, 326 Ga. App. 493, 498 (1) (756 SE2d 721) (2014) (finding that a plaintiff "was not necessarily required to present expert evidence on [her] claim [that the design of a ramp created a hazardous condition] because nothing in the appellate record indicates that a determination of whether a hazard existed in this case requires a specialized expertise") (physical precedent only). Because we are reversing the grant of summary judgment, the case will return to the trial court, who can then consider whether the expert opinion testimony will be admissible in further proceedings.

2. *Facts and procedural posture.*

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, it the light most favorable to the nonmovant.

*Cottingham v. Sapp*, 344 Ga. App. 651 (1) (811 SE2d 442) (2018) (citation and punctuation omitted).

So viewed, the evidence shows that in early 2018, LT Energy placed a mat next to the store's exterior door but did not secure it to the floor. The mat could move

3

around and sometimes there was a space between it and the threshold of the door. Every evening, an employee would pick up the mat, shake it out, and return it to its place next to the door as part of the routine in closing the store.

Johnson was a regular customer at the store, but he could not recall if he had seen the mat on prior visits because he did not pay attention to it. On March 11, 2018, he walked into the store with a companion, whom he was looking back at when he crossed the threshold. At that time, the mat was not flush against the threshold. Its position was within the line of vision of a store employee who was working at the cashier station. When Johnson entered the store, his foot went under the edge of the unsecured mat, causing him to trip and fall.

LT Energy moved for summary judgment, arguing that there was no evidence that LT Energy had actual or constructive knowledge of a hazard; that the evidence showed Johnson had not exercised ordinary care for his own safety; and that the evidence showed Johnson had equal knowledge to LT Energy under the "prior traversal rule." The trial court granted the motion, holding that Johnson had "present[ed] no legal authority requiring or otherwise instructing property owners to tape down floor mats" and that there was "no evidence that [LT Energy] had actual

4

or constructive knowledge that the subject floor mat had any propensity to fold, bunch, roll, or shift, before and until [Johnson's] fall."

3. *Analysis.*

An invitee such as Johnson, who seeks to recover for injuries sustained in a trip-and-fall action, must prove

> (1) that the defendant had actual or constructive knowledge of the hazard; and (2) plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions within the control of the owner/occupier. . . . The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom.

*Cottingham*, 344 Ga. App. at 652 (1) (citation and punctuation omitted). "[M]ost routine issues in [trip-and-fall] cases are not subject to summary adjudication. . . ." *Brixmor New Chastain Corners SC v. James*, 367 Ga. App. 235, 237 (2) (a) (884 SE2d 393) (2023) (citation and punctuation omitted). "The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable." *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997) (citation and punctuation omitted).

(a) *Evidence of a hazardous condition.*

5

"The threshold point of our inquiry in a trip-and-fall case is the existence of a hazardous condition on the premises." *Brixmor New Chastain Corners SC*, 367 Ga. App. at 236 (2) (a) (citation and punctuation omitted). LT Energy argues that there is no evidence that the floor mat that Johnson tripped over was a hazardous condition.

LT Energy reasons that Johnson cannot rely on evidence of the store's subsequent measures in securing the mat to the floor to show the mat was hazardous at the time of his fall. See OCGA § 24-4-407 (evidence of subsequent remedial measures are inadmissible). And LT Energy argues, citing *Daubert,* supra, that Johnson has not pointed to admissible evidence of a legal or technical requirement to secure a mat to the floor or place it flush with the threshold.

But regardless of subsequent remedial measures and expert testimony about technical requirements, the evidence of record is sufficient to raise a genuine issue of material fact. LT Energy does not dispute that Johnson tripped on the mat or that the mat was not secured to the floor at the time. And a video recording from a surveillance camera shows that at the time of Johnson's fall the mat was not flush with the threshold of the door. That video recording depicts the edge of the mat flipping up as Johnson's foot slides beneath it. "(F)loor mats subject to periodic folding, bunching, rolling, and shifting can constitute hazards for which landowners

6

may be liable." *Benefield v. Tominich*, 308 Ga. App. 605, 608 (1) (708 SE2d 563) (2011) (citation and punctuation omitted). Johnson was not required to present evidence of a legal or technical requirement to create a jury issue on this point. See *Traver v. Felton Manor*, 365 Ga. App. 155, 159 (1) (877 SE2d 688) (2022). From the evidence in the record, and without considering the contested expert witness opinion, we find that a jury question exists about whether the mat was a hazardous condition.

(b) *Evidence of LT Energy's actual or constructive knowledge.*

"[T]o survive a motion for summary judgment [in a trip-and-fall case], a plaintiff must come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard." *American Multi-Cinema v. Brown*, 285 Ga. 442, 444-445 (2) (679 SE2d 25) (2009). There is no dispute that LT Energy had actual knowledge that the mat was not secured to the floor; its owner or an employee installed the mat, see *Traver*, 365 Ga. App. at 156 (1) (premises-liability defendant who installed automatic doors alleged to be hazardous is presumed to have knowledge of the allegedly hazardous manner in which the doors operated), and store personnel regularly picked the mat up from the floor. There is also evidence that, at the time of Johnson's fall, store personnel had at least constructive knowledge that

7

the unsecured mat was not positioned flush with the threshold of the door, because the mat was in the line of sight of the employee working at the cashier station. See *Mock v. Kroger Co.*, 267 Ga. App. 1, 2 (598 SE2d 789) (2004) (a defendant's constructive knowledge may be proved by showing "that an employee of the defendant was in the immediate area of the hazard and could have easily seen it"); *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 604 (1) (492 SE2d 343) (1997) (store owner had constructive knowledge of hazardous condition posed by wrinkled, unsecured mat that was visible to store employees at the cashier station). Contrary to the trial court's holding, there need not be evidence that other persons previously had tripped on the mat for LT Energy to have knowledge of the hazardous condition. See *Landrum v. Enmark Stations*, 310 Ga. App. 161, 162 (1) (712 SE2d 585) (2011); *Whatley*, 228 Ga. App. at 605 (1).

(c) *Evidence of Johnson's knowledge and exercise of ordinary care.*

To recover for injuries in a trip-and-fall case, an invitee such as Johnson must prove he lacked equal or greater knowledge of the hazardous condition despite the exercise of ordinary care. See *Robinson*, 268 Ga. at 748-749 (493 SE2d 403) (1997). But Johnson does not shoulder this burden "until [LT Energy] first establishes negligence on [Johnson's] part. . . ." *Benefield*, 308 Ga. App. at 608 (1) (citation and

8

punctuation omitted). This requires a showing that Johnson "intentionally and unreasonably exposed [him]self to a hazard of which [he] knew or, in the exercise of ordinary care, should have known." *Robinson*, supra at 749. And that hazard must be the *specific* hazard that precipitated his trip and fall — here, the fact that the mat was unsecured and out of position. See *Teston v. SouthCore Constr.*, 336 Ga. App. 733, 736 (783 SE2d 921) (2016).

The evidence does not compel a finding that Johnson knew of that specific hazard on the day he fell. He testified that he had not paid attention to the mat either on that day or on the prior occasions when he had visited the store.

LT Energy argues that we should presume Johnson's knowledge of the hazardous condition because he had successfully negotiated the mat on previous occasions. "Georgia's longstanding prior traversal rule provides that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom." *Gervin*, 354 Ga. App. at 13 (1) (citation and punctuation omitted). But this rule only applies to static conditions that are "readily discernable to a person exercising reasonable care for his own safety. *Traver*, 365 Ga. App. at 160 (2) (citation and punctuation omitted). The alleged hazardous condition

9

in this case — a loose mat that had shifted into a dangerous position away from the door — was not a static condition. See *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020) (static condition is one that does not change).

> Considering the changeable nature of the [mat] as regards [its] actual physical location, [its] potential for becoming a [hazard], and [its] visual observability, the mere fact that [Johnson] may have shopped at [LT Energy's store] on prior occasions does not necessarily preclude [him] from a recovery for [his] fall under the circumstances of this particular occasion.

*Shackelford v. DeKalb Farmer's Mkt.*, 180 Ga. App. 348, 350 (2) (349 SE2d 241) (1986).

LT Energy also argues that Johnson had not exercised ordinary care because he had been looking back at his companion, rather than at the floor, when he entered the store. But

> our Supreme Court [has] rejected the argument that a plaintiff fails to exercise ordinary care for personal safety *as a matter of law* when (he) admits [he] failed to look at the location where [he] subsequently placed [his] foot. . . . [A]n invitee is not required to maintain a constant lookout, but is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe.

10

*Teston*, 336 Ga. App. at 736 (citation and punctuation omitted; emphasis in original). A plaintiff's lack of ordinary care for his personal safety is a routine issue of premises liability that generally is not susceptible of summary adjudication, *Robinson*, 268 Ga. at 748, and "issues such as . . . how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are . . . questions that, in general must be answered by juries as a matter of fact rather than judges as a matter of law." *Brown*, 285 Ga. at 445 (2). We therefore find that "whether [Johnson] exercised reasonable care on the day of [his] accident is a question for resolution by a jury." *Benefield*, 308 Ga. App. at 611 (1).

*Judgment reversed. Brown and Markle, JJ., concur*.